IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH H. BADAMI, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV288 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| SEARS CATTLE CO., | ) | |
| | ) | |
| Defendant. | ) | |

This case arises from the bankruptcy court. The plaintiff, Joseph H. Badami, in his capacity as bankruptcy Trustee for debtor AFY, Inc., filed an adversary complaint in the bankruptcy court against the defendant, Sears Cattle Company ("Sears Cattle"). The adversary complaint alleged two claims: 1) a claim for recovery of an account receivable ($291,937.00) allegedly owed to AFY by Sears Cattle; and 2) a claim to recover $40,000 in sanctions for defendant's alleged willful refusal to comply with an order requiring Sears Cattle to execute all documents needed to convey real estate to Rolling Stone Land & Cattle, LLC ("Rolling Stone"). (Bk. 10-4062, filing no. 1).

Sears Cattle filed an answer, counterclaim, and demand for a jury trial. (Bk. 10-4062, filing no. 7). The counterclaim alleged the Trustee had collected proceeds from the sale of Sears Cattle's real and personal property and had used those proceeds to pay debts owed by AFY to Farm Credit. Sears Cattle requested an accounting of any proceeds received from the sale of property belonging to Sears Cattle and requested a money judgment for the full amount of such proceeds.

After the parties briefed the issue, the bankruptcy court denied Sears Cattle's jury demand, explaining that under Langenkamp v. Culp, 498 U.S. 42 (1990), creditors who file claims against a bankruptcy estate bring themselves within the equitable jurisdiction of the

bankruptcy court and are not entitled to a jury trial. As explained in the bankruptcy court's memorandum and order, a counterclaim against a bankruptcy estate is akin to the filing of a claim, and "by filing a counterclaim seeking damages from the bankruptcy estate, Sears Cattle Co. has waived any right to a jury trial that it may have had." (Bk. 10-4062, filing no. 21, p. 3).

A bench trial was held before the bankruptcy judge on June 21, 2011. (Bk. 10-4062, docket entry 49). After the trial, the bankruptcy judge entered a memorandum and order finding Sears Cattle owed AFY $291,937.00 on the account receivable; due to the lack of any supporting evidence, Sears Cattle was not entitled to any recovery on its counterclaim; and Sears Cattle was not liable for sanctions. (Bk. 10-4062, filing no. 50). A judgment was entered stating:

> IT IS ORDERED: For the reasons stated in the Order of today's date, judgment is hereby entered in favor of the plaintiff and against the defendant on the first cause of action, the collection of the AFY, Inc. account receivable in the amount of $291,937.00.
>
> IT IS FURTHER ORDERED that judgment is hereby entered in favor of the defendant and against the plaintiff on the second cause of action, the collection of sanctions in connection with the execution of the closing documents.

(Bk. 10-4062, filing no. 51).

Sears Cattle challenged the judgment on the account receivable claim, stating the bankruptcy court lacked subject matter jurisdiction under the Court's ruling in Stern v. Marshall, 131 S.Ct. 2594, 2011 WL 2472792 (June 23, 2011). Over the Trustee's objection, the bankruptcy court vacated the monetary judgment against Sears Cattle, and entered the following recommendation:

> I RESPECTFULLY RECOMMEND to the United States District Court for the District of Nebraska that it withdraw the reference of this adversary proceeding to enter final judgment on the plaintiff's first cause of action. In that regard, I respectfully recommend that the district court consider my order of July 6, 2011 (Filing No. 50) as proposed findings of fact and conclusions of law to be adopted in entering judgment for the plaintiff.

(Bk. 10-4062, filing no. 56). [1]

The recommendation was filed in the district court and is pending before Senior Judge Warren K. Urbom. (Filing No. 1). No objection was timely filed to the Order, Report and Recommendation. See NEGenR 1.5(b)(2). Judge Urbom accepted the recommendation as follows:

> IT IS ORDERED that:
>
> 1. reference of the adversary proceeding to enter final judgment on the first cause of action stated in Case No. 10-04062 is withdrawn and I shall consider Chief Judge Saladino's order of July 6, 2011, (ECF. filing 50) as proposed findings of fact and conclusions of law to be adopted in entering judgment for the plaintiff;
>
> 2. I invite counsel to inform Magistrate Judge Zwart on or before November 10, 2011, of their individual or collective thoughts of the procedure that should be followed in the resolution of the remaining issue or issues.

Filing No. 2. The parties have now done so.

Sears Cattle asks that this case be stayed pending the Eighth Circuit's determination on the appeal from judgments entered in In Re: AFY, Inc., 8:10-cv-00214, filing nos. 74 and 75

---

[1] The second claim, which denied the Trustee's request for sanctions, was neither challenged in the bankruptcy proceedings nor vacated by the bankruptcy judge, and it was not referred to this court. Therefore, this court need not enter a judgment of dismissal on the sanctions issue. The bankruptcy court's judgment on that issue remains in effect.

(Kopf, J., presiding).  Sears Cattle states "Sears Cattle should be allowed to not proceed until the Eighth Circuit Court decides the Appeal . . ., which may vindicate Sears Cattle's right to set off under the doctrines of claim or issue preclusion."  As an alternative to staying this case, Sears Cattle asks this court to first determine "whether subject matter jurisdiction exists," (filing no. 6. p. 1), and whether Sears Cattle was deprived of its right to a jury trial on the Trustee's account receivable claim and Sears Cattle's counterclaim. Sears Cattle is essentially requesting a "do over" regarding "whether Badami or Sears Cattle are entitled to recover on the merits."  (Filing No. 6, p. 1).

Regarding Sears Cattle's request to stay these proceedings, Sears Cattle has provided only a conclusory allegation that the Eighth Circuit's ruling on the matters before Judge Kopf may give rise to issue or claim preclusion on Sears Cattle's claims for setoff.  But it is unclear why or how the ultimate outcome of the case before Judge Kopf could impact this case.  The court will request briefing on this issue.

Sears Cattle challenges whether the bankruptcy court had subject matter jurisdiction over the account receivable and setoff claims.  The defendant claims the pending appeal of the case held before Judge Kopf removed jurisdiction from the bankruptcy court.  The case before Judge Kopf and the above-captioned case were filed separately, and there is no explanation of how the appeal of Judge Kopf's ruling could divest the bankruptcy court, and now this court, of subject matter jurisdiction.

The defendant also argues that the bankruptcy court lacked jurisdiction under the Court's ruling in Stern v. Marshall, 131 S.Ct. 2594, 2011 WL 2472792 (June 23, 2011).  Stern held that a bankruptcy judge lacks authority under the Constitution to issue a dispositive ruling on a non-core state law claim.  Therefore, after becoming aware of the Court's recent ruling in Stern, and in accordance with 28 U.S.C. § 157(c)(1), the bankruptcy judge submitted "proposed findings of fact and conclusions of law to the district court," with any final order

-4-

or judgment to be entered "by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." The bankruptcy court acted upon referral from the district court when it convened and presided over the parties' trial, (see NEGenR 1.5(a)), and then issued a proposed ruling. There is no merit to the defendant's claim that the bankruptcy court lacked subject matter jurisdiction in carrying out these functions.

The defendant claims it was denied its right to a jury trial, and the district court must convene a jury trial to determine whether Badami or Sears Cattle are entitled to recover on the merits. However, the defendant did not timely object to the bankruptcy judge's proposed findings of fact and conclusions of law. By failing to object, Sears Cattle waived any challenge to the bankruptcy court's proposed ruling, including any demand for a new trial before a jury.

Accordingly,

IT IS ORDERED:

1) Any motion to stay must be filed in accordance with NECivR 7.0.1(a) by January 31, 2012. Responses or replies to such motions shall be filed in accordance with NECivR 7.0.1(b) and (c).

2) In the absence of a timely motion to stay, the district court will deem this case fully submitted for de novo review of the bankruptcy court's proposed findings of fact and conclusions of law.

January 17, 2012.          BY THE COURT:

                           *s/ Cheryl R. Zwart*
                           United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.