IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH H. BADAMI, ) | |
| ) | |
| Plaintiff, ) | 8:11CV288 |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| SEARS CATTLE CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

On July 6, 2011, Chief United States Bankruptcy Judge Thomas L. Saladino entered an order in consolidated cases designated Badami v. Sears Cattle Co. (In re AFY, Inc.), Adv. No. A10-4062 (Bankr. D. Neb. July 6, 2011) and Badami v. Sears, Adv. No. A10-4063 (Bankr. D. Neb. July 6, 2011). In this order, Chief Judge Saladino determined that "[i]n Case No. A10-4062, separate judgment shall be entered in favor of Plaintiff and against Defendant on Plaintiff's first cause of action, and in favor of Defendant and against Plaintiff on Plaintiff's second cause of action." Badami v. Sears Cattle Co. (In re AFY, Inc.) Adv. No. A10-4062 (order at 8). A judgment filed separately on that same date states that "judgment is hereby entered in favor of the plaintiff and against the defendant on the first cause of action, the collection of the AFY, Inc. account receivable in the amount of $291,937.00." Badami v. Sears Cattle Co. (In re AFY, Inc.), Adv. No. A10-4062 (Bankr. D. Neb. July 6, 2011) (judgment).

On July 12, 2011, Defendant Sears Cattle filed a motion for relief from the bankruptcy court's judgment. Badami v. Sears Cattle Co. (In re AFY, Inc.), Adv. No. A10-4062 (Bankr. D. Neb. July 12, 2011) (mot. for relief from judgment). In its motion, Sears Cattle argued that the judgment should be amended and Badami should be denied all relief on his first cause of action because the bankruptcy court lacked subject matter jurisdiction over that claim. (See id.) On August 18, 2011, Chief Judge Saladino entered an order granting Sears Cattle's motion and vacating the judgment entered on Badami's first cause of action. Badami v. Sears Cattle Co. (In re AFY, Inc.), Adv. No. A10-4062 (Bankr. D. Neb. August 18, 2011) (order report & recommendation). He also

recommended that the district court "withdraw its reference of the case to treat this court's order of July 6, 2011 . . . as proposed findings of fact and conclusions of law on which the district court may enter final judgment." (Id. at 5.) Chief Judge Saladino's order, report and recommendation dated August 18, 2011, was filed in both the bankruptcy and district courts. (See Order, Report & Recommendation, ECF No. 1.)

On November 1, 2011, I noted that "[n]o objection has been filed to the Order, Report and Recommendation" issued by Chief Judge Saladino, and "I accept[ed] the recommendation." (Mem. & Order on Order Report & Recommendation of Bankruptcy Court at 2, ECF No. 2.) I also entered an order stating, in part, "I invite counsel to inform Magistrate Judge Zwart on or before November 10, 2011, of their individual or collective thoughts of the procedure that should be followed in the resolution of the remaining issue or issues." (Id.) The November 10, 2011, deadline was later extended to November 15, 2011, (see ECF Nos. 3-4), and Badami and Sears Cattle each filed timely suggestions to the magistrate judge, (see ECF Nos. 5-6). Badami suggested that the court "should dismiss the proceeding" regarding a second claim in order to "resolv[e] the current procedural issue in this proceeding." (Pl.'s Response at 2, ECF No. 5.) Sears Cattle suggested that the case be stayed pending the resolution of an appeal pending before the Eighth Circuit, or, in the alternative, that there should be "a determination of whether subject matter jurisdiction exists, whether a request [for] jury trial exists, and whether Badami or Sears Cattle are entitled to recover on the merits." (Def.'s Response at 1, ECF No. 6.)

On January 17, 2012, the magistrate judge requested further briefing on the issue of the stay, but she rejected Sears Cattle's alternative arguments. (See generally Mem. & Order, ECF No. 7.) I note in particular that, in rejecting Sears Cattle's argument that a jury trial must be convened to determine which party is entitled to judgment on the merits, the magistrate judge noted that "the defendant did not timely object to the bankruptcy judge's proposed findings of fact and conclusions of law," and "[b]y failing to object, Sears Cattle waived any challenge to the bankruptcy court's proposed ruling, including any demand for a new trial before a jury." (Id. at 5.) She then entered an order stating,

> 1)   Any motion to stay must be filed in accordance with NECivR 7.0.1(a) by January 31, 2012. . . .

> 2) In the absence of a timely motion to stay, the district court will deem this case fully submitted for de novo review of the bankruptcy court's proposed findings of fact and conclusions of law.

(Id.)[1]

On January 30, 2012, Sears Cattle filed a timely motion to stay this case pending the resolution of Sears v. Badami, No. 11-2282, in the Eighth Circuit Court of Appeals. (See ECF No. 8.) On March 22, 2012, the magistrate judge entered an order denying Sears Cattle's motion to stay. (See Mem. & Order at 3, ECF No. 10.) She also noted,

> The bankruptcy court has issued proposed findings of fact and conclusions of law for final resolution of this case. Sears Cattle did not timely object to the bankruptcy judge's determination, and therefore waived any challenge to the bankruptcy court's proposed ruling. But for the defendant's motion to stay, this case was ready for entry of judgment.

(Id. at 2.)

Sears Cattle has not objected to the magistrate judge's orders. Nor has it objected to Chief Judge Saladino's Order, Report and Recommendation dated August 18, 2011. I note, however, that although Sears Cattle did not make a formal objection to Chief Judge Saladino's proposed findings of fact and conclusions of law dated July 6, 2011,[2] my order of November 1, 2011, could be read to state that I was adopting Chief Judge Saladino's Order, Report and Recommendation dated August 18, 2011, and that I was inviting objections to the proposed findings of fact and conclusions of law dated July 6, 2011. (See generally Mem. & Order, ECF No. 2.) Indeed, Sears Cattle did challenge the merits of the bankruptcy court's proposed findings of fact and conclusions of law in its response dated November 15, 2011. (See ECF No. 6.) Therefore, notwithstanding the lack of formal objections, I have reviewed the bankruptcy court's recommendations de novo in accordance with 28

---

[1] The magistrate judge also noted that the bankruptcy court's denial of the plaintiff's second claim "was neither challenged in the bankruptcy proceedings nor vacated by the bankruptcy judge, and it was not referred to this court." (Mem. & Order at 3 n.1, ECF No. 7.) She continued, "Therefore, this court need not enter a judgment of dismissal on the [second claim]. The bankruptcy court's judgment on that issue remains in effect." (Id.)

[2] To be precise, and as noted above, the defendant did file a motion to amend or set aside the judgment entered by the bankruptcy court, and the defendant successfully argued that the bankruptcy court lacked jurisdiction to enter the judgment. See Badami v. Sears Cattle Co. (In re AFY, Inc.), Adv. No. A10-4062 (Bankr. D. Neb. July 12, 2011) (mot. for relief from judgment).

U.S.C. § 157(c)(1), and I have reviewed the magistrate judge's orders in accordance with 28 U.S.C. § 636(b)(1). After conducting this review, I conclude that all of the magistrate judge's findings and conclusions are correct, and that the bankruptcy court's report and recommendations should be adopted in full. Judgment shall be entered in favor of the plaintiff on his first cause of action.

**IT IS ORDERED** that:

1. Chief Bankruptcy Judge Saladino's proposed findings of fact and conclusions of law dated July 6, 2011, are adopted;

2. Chief Bankruptcy Judge Saladino's Order, Report and Recommendation dated August 18, 2011, (ECF No. 1), remains adopted;

3. Judgment shall be entered in favor of the plaintiff in the amount of $291,937.00; and

4. The clerk is directed to ensure that this memorandum and order and the accompanying judgment are referred to the bankruptcy court.

Dated July 11, 2012.

                BY THE COURT

                Warren K. Urbom
                United States Senior District Judge